UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE BOUCHE CABRAL, ) | CV 17-2177 AGR |
| ) Plaintiff, ) | |
| ) v. ) | MEMORANDUM OPINION AND ORDER |
| ) NANCY A. BERRYHILL, Acting ) Commissioner of Social Security, ) | |
| ) Defendant. ) | |

Plaintiff filed this action on March 20, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 14, 15.) On December 5, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On July 19, 2013, Cabral filed an application for supplemental security income and alleged an onset date of January 1, 2008. Administrative Record ("AR") 22. The application was denied initially. AR 22, 89. Cabral requested a hearing before an Administrative Law Judge ("ALJ"). On July 30, 2015, an ALJ conducted a hearing at which Cabral, her mother and a vocational expert testified. AR 57-88. On November 19, 2015, a different ALJ conducted a hearing at which Cabral and a vocational expert testified. AR 36-56. On December 16, 2015, the ALJ issued a decision denying benefits. AR 19-31. On January 24, 2017, the Appeals Council denied the request for review. AR 1-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Cabral had the severe impairments of mood disorder and history of substance abuse. AR 24.

The ALJ found that Cabral had the residual functional capacity ("RFC") to perform work at all exertional levels limited to non-complex routine tasks that do not require hyper-vigilance. She is precluded from responsibility for the safety of others and jobs requiring public interaction or significant teamwork. AR 26. She has no past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform such as marker, day worker and linen room attendant. AR 30-31.

## C. Treating Physician

Cabral contends that this case should be remanded for consideration of the opinion of her treating psychiatrist, Dr. Ghaemian, dated after the ALJ's decision on December 11, 2015.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Cabral submitted medical records from Dr. Ghaemian dated March 7, 2016, after the ALJ's decision on December 11, 2015. The Appeals Council concluded that records did not affect the decision as to whether Cabral was disabled prior to December 11, 2015 and did not make the records part of the administrative record.[2] AR 2.

A federal district court reviews only the final decision of the Commissioner. 42 U.S.C. § 405(g). The Appeals Council is required to consider new and material evidence only when it relates to the period on or before the date of the administrative law judge hearing decision. *Brewes v. Comm'r*, 682 F.3d 1157, 1162 (9th Cir. 2012); *Taylor v. Comm'r*, 659 F.3d 1228, 1233 (9th Cir. 2011). When the Appeals Council "was required to consider additional evidence, but fails to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Id.* at 1233. "To be material under § 405(g), the new evidence must bear 'directly and substantially on the matter in dispute'" and the claimant "must additionally

---

[2] The Appeals Council advised that the new medical records could be used if Cabral filed a new application for the period after December 11, 2015. AR 2.

4

demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citations omitted).

Dr. Ghaemian's Medical Source Statement of Ability to Do Work-Related Activities (Mental) and Evaluation Form, both dated March 7, 2016, do not expressly state that the opinions apply historically. (Dkt. No. 25-1 at 1-3, 4-7.) More significantly, Dr. Ghaemian's opinions are consistent with the ALJ's residual functional capacity assessment. Dr. Ghaemian opined that Cabral is not limited in her ability to understand, remember and carry out simple tasks or in her ability to make judgments on simple work-related decisions. She was only slightly limited in her ability to understand, remember and carry out detailed instructions. (*Id.* at 1.) Dr. Ghaemian opined that Cabral was not limited in her ability to sustain an ordinary routine and only slightly limited in her ability to perform at a consistent pace with regular breaks. She was moderately limited in her ability to maintain attendance and punctuality during a workday and workweek. (*Id.* at 2.) Dr. Ghaemian's opinion is consistent with the ALJ's assessment that Cabral was limited to non-complex routine tasks. AR 26. Dr. Ghaemian opined that Cabral was moderately limited in her ability to interact with supervisors, co-workers and the public. (Dkt. No. 25-1 at 2.) This opinion is consistent with the ALJ's assessment that Cabral is precluded from jobs requiring public interaction, significant teamwork or hyper-vigilance, and is precluded from having responsibility for the safety of others. AR 26. Dr. Ghaemian observed that Cabral was able to keep her appointments, and had standard cognitive ability with no deficits noted. (Dkt. No. 25-1 at 4-5.) She had a history of auditory hallucinations that was "stabilized on current meds."[3] (*Id.* at 5.) She is pleasant with an anxious affect, and able to perform activities of daily living. She is able to concentrate but unable to perform appropriately under stress. She is easily irritated. (*Id.* at 6.)

---

[3] Cabral testified that she did not hear voices anymore. AR 71.

Cabral has not shown materiality or any reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. *Mayes*, 276 F.3d at 462. Moreover, any error would be harmless.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: December 15, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge